UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. Bank National Association, as trustee for the registered Holders of Wells Fargo Commercial Mortgage Securities, Inc. Multifamily Mortgage Pass Through Certificates, Series 2018-SB51,<br><br>Plaintiff,<br><br>v.<br><br>1427 43 St LLC, Zalmen Wagschal, and John Doe No. I through John Doe No. XXX, inclusive, the last thirty names being fictitious and unknown to Plaintiff, the persons or parties intended being the tenants, occupants, persons, or corporations, if any, having or claiming an interest in or lien upon the premises described in the Complaint,<br><br>Defendants. | Case No. 1:22-cv-1401 |

## COMPLAINT FOR MORTGAGE FORECLOSURE

Plaintiff U.S. Bank National Association, as trustee for the registered Holders of Wells Fargo Commercial Mortgage Securities, Inc. Multifamily Mortgage Pass Through Certificates, Series 2018-SB51 ("**Plaintiff**"), by and through its undersigned counsel, brings forth its cause of action against Defendants 1427 43 St LLC, Zalmen Wagschal, and John Doe No. I through John Doe No. XXX, and states as follows.

## PARTIES

1. U.S. Bank National Association ("**U.S. Bank**") is a national banking association organized under the laws of the United States of America. U.S. Bank serves as the trustee for the holders of the Wells Fargo Commercial Mortgage Securities, Inc. Multifamily Mortgage Pass

Through Certificates, Series 2018-SB51 (the "**Trust**"). The Trust is treated as a real estate mortgage investment conduit under the Internal Revenue Code of 1986. With respect to the loan transaction that is the subject matter of this action, KeyBank National Association ("**KeyBank**") acts as the Special Servicer and authorized agent for Plaintiff.

2. 1427 43 St LLC ("**Borrower**") is a limited liability company organized and existing under the laws of the State of New York. Borrower has an address of 4403 15th Avenue, #155, Brooklyn, New York 11219.

3. Zalmen Wagschal ("**Guarantor**") is an individual and citizen of the State of New York. Guarantor has an address of 4403 15th Avenue, #155, Brooklyn, New York 11219.

4. Defendants John Does I through XXX are currently unknown to Plaintiff, but, upon information and belief, are tenants, occupants, persons, or corporations, if any, having or claiming an interest in or lien upon the premises to be foreclosed in this Complaint.

## JURISDICTION AND VENUE

5. This is a civil action over which this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

*6.* In *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458 (1980) and *Americold Realty Tr. V. Conagra Foods, Inc.*, 577 U.S. 378 (2016), the United States Supreme Court confirmed a long-standing rule of jurisprudence than an express, "traditional" trust is not a juridical person—it is a fiduciary relationship—and, therefore, for purposes of diversity jurisdiction, only the citizenship of the trustee is considered. Courts sitting in the Second Circuit have adhered to the principles set forth in *Navarro* and *Americold* and held that the citizenship of the trustee of a traditional trust litigating in its own right, controls for the purposes of diversity jurisdiction. *See, e.g.*, *Raymond Loubier Irrevocable Trust v. Loubier*, 858 F.3d 719, 731 (2d Cir. 2017) ("because the party trusts

here are not organized according to state law as distinct juridical entities but, rather, are traditional trusts, establishing only fiduciary relationships . . . it is the trustees' citizenship that must determine diversity"); *U.S. Bank N.A. v. 2150 Joshua's Path, LLC*, No. 13-CV-1598, 2017 WL 4480869, *3 (E.D.N.Y. 2017) (affirming that an express common law trust is deemed to have the citizenship of its trustee); *SPV-LS, LLC v. Bergman*, No. 15 CV 6231, 2019 WL 2257244, *16 (E.D.N.Y. 2019) ("For traditional trusts, it is the citizenship of the trustees holding legal right to sue on behalf of the trusts that is relevant to jurisdiction").

7. Plaintiff is a traditional trust, and its trustee, U.S. Bank, is the real party in interest. Plaintiff's trustee, U.S. Bank, brings this action in its own name and in its capacity as trustee. U.S. Bank is the owner of a pool of mortgage loans, which includes the loan that is the subject of this lawsuit, and holds these assets in trust for the benefit of the registered holders of "Wells Fargo Commercial Mortgage Securities, Inc., Multifamily Mortgage Pass Through Certificates, Series 2018-SB51." This trust relationship was organized as a common law trust under the laws of the State of New York and is governed by a Pooling and Servicing Agreement dated as of July 1, 2018 (the "**PSA**"). The New York Civil Practice Law and Rules provides that a trustee of an express trust may sue in its own name. *See* N.Y. CPLR § 1004. Under the PSA, U.S. Bank holds trust assets for the exclusive benefit of the certificateholders. It is U.S. Bank, acting through its loan servicer, KeyBank National Association, who has dominion over the loans and the right and authority to defend lawsuits and file lawsuits with respect to trust assets. The beneficiaries of the trust (i.e., the certificateholders) have no such authority, nor do the beneficiaries of the trust have any ownership interest in the trust's property.

8. For purposes of diversity jurisdiction, Plaintiff has the citizenship of its trustee. Plaintiff's trustee, U.S. Bank, is a national banking association. As stated in *Wachovia Bank, N.A.*

*v. Schmidt*, 546 U.S. 303 (2006), a national banking association is a citizen of the state where the bank has its main office. U.S. Bank's main office is in Cincinnati, Ohio. Accordingly, Plaintiff is a citizen of Ohio for purposes of federal diversity jurisdiction.

9. Defendant Borrower is a limited liability company which, for diversity jurisdiction purposes, has the citizenship of its members.

10. The sole member of Borrower is Zalmen Wagschal.

11. Zalmen Wagschal is a citizen and resident of the state of New York, therefore Borrower's citizenship for federal diversity jurisdiction purposes is New York.

12. Guarantor is an individual and a citizen and resident of the state of New York.

13. Guarantor's citizenship for federal diversity jurisdiction purposes is New York.

14. There exists complete diversity between Plaintiff (Ohio citizenship) and both Defendants (New York citizenship).

15. Borrower is indebted to Plaintiff pursuant to a commercial mortgage loan transaction, as described in more detail below. The outstanding balance on the loan exceeds $75,000.00. Accordingly, the amount in controversy is greater than the $75,000.00 threshold for diversity jurisdiction.

16. The action properly lies in the Eastern District of New York as the property which is the subject of this action lies in this judicial district, and all or substantially all of the events or omissions giving rise to the claims occurred in this judicial district. 28 U.S.C. § 1391(a)(2). Further, the assignor of Plaintiff, and Borrower, consented to venue in this judicial district pursuant to the operative documents which are the subject of this suit. 28 U.S.C. § 1391(b)(2).

# STATEMENT OF FACTS

*The Loan Transaction*

17. On or about March 21, 2018, Greystone Servicing Corporation, Inc. ("**Original Lender**") made a commercial mortgage loan to Borrower in the original principal amount of $2,033,000.00 (the "**Loan**").

18. In connection with the Loan, Original Lender and Borrower executed that certain Loan Agreement, dated as of March 21, 2018 (the "**Loan Agreement**"). A true and correct copy of the Loan Agreement is attached hereto as **Exhibit A**.

19. In connection with the Loan, Borrower executed and delivered to Original Lender that certain New York Consolidated, Amended and Restated Note, in the original principal amount of $2,033,000.00, executed by Borrower and made payable to Original Lender (the "**Note**"). A true and correct copy of the Note is attached hereto as **Exhibit B**.

20. In connection with the Loan, Borrower also executed and delivered to Original Lender that certain Multifamily Mortgage, Assignment of Rents and Security Agreement, dated as of March 21, 2018, executed by Borrower in favor of Original Lender (the "**Mortgage**"). The Mortgage secures the indebtedness owed by Borrower under the Note and in connection with the Loan.

21. The Mortgage was recorded as part of a Consolidation, Extension and Modification Agreement, in the Office of the City Register of the City of New York, on March 29, 2018, as CRFN 2018000105222. A true and correct copy of the Mortgage, as recorded is attached hereto as **Exhibit C**.

22. The Mortgage encumbers certain real property located at 1427 43rd Street, Brooklyn, New York 11219, the improvements thereon, and all personal property owned by Borrower (the "**Property**").

23. In connection with the Loan, Guarantor executed that certain Guaranty, dated as of March 21, 2018 (the "**Guaranty**"), pursuant to which Guarantor unconditionally and irrevocably guaranteed the full payment and performance of all of Borrowers' obligations under the Note, including payment of all amounts due thereunder. A true and correct copy of the Guaranty is attached hereto as **Exhibit D**.

24. The Note, the Mortgage, the Loan Agreement, the Guaranty, and all other documents further evidencing, securing, or executed in connection with the Loan are collectively referred to herein as the "**Loan Documents**."

25. By way of Assignment of Consolidated Security Instruments, dated as of March 21, 2018, Original Lender assigned the Mortgage and the Loan Documents to Federal Home Loan Mortgage Corporation (the "**First Assignment**"). The First Assignment was recorded in the Office of the City Register of the City of New York on March 29, 2018 as CRFN 2018000105223. A true and correct copy of the First Assignment as recorded is attached hereto as **Exhibit E**.

26. By way of Assignment of Mortgage, dated as of July 5, 2018 and made effective as of July 24, 2018, Federal Home Loan Mortgage Corporation assigned the Mortgage and the Loan Documents to Plaintiff (the "**Second Assignment**"). The Second Assignment was recorded in the Office of the City Register of the City of New York on July 30, 2018 as CRFN 2018000251835. A true and correct copy of the Second Assignment as recorded is attached hereto as **Exhibit F**.

*Borrower's Defaults*

27. Under the terms of the Loan Documents, Borrower is obligated to make monthly payments of principal and interest on the Loan (the "**Debt Service Payments**").

28. Borrower has failed to make the monthly Debt Service Payments for the months of September 2021 and every month thereafter. Borrower's failure to make Debt Service Payments as and when due under the Loan Documents constitutes an "Event of Default" thereunder.

29. By letter dated February 9, 2022, Plaintiff notified Borrower of Borrower's defaults under the Loan Documents and demanded cure of same (the "**Default Letter**"). A true and correct copy of the Default Letter is attached hereto as **Exhibit G**.

30. Borrower failed to cure its defaults as demanded in the Default Letter.

31. Pursuant to Section 5(e) of the Note, where Borrower continues to be in default, the entire unpaid principal amount, any accrued interest, and all other amounts due and payable under the Note and Loan Documents will immediately become due and payable at Plaintiff's option. Plaintiff hereby elects to accelerate all amounts due and payable under the Note and Loan Documents.

32. Borrower remains in default under the Loan Documents.

*Amounts Due Under the Loan Documents*

33. As of April 1, 2022, the following amounts are due and owing by Borrower under the Loan Documents:

   a. Principal in the amount of $1,908,663.20;

   b. Interest accrued from August 1, 2018 through April 1, 2022 in the amount of $49,472.55;

c. Default interest accrued from September 1, 2021 through April 1, 2022 in the amount of $44,959.53;

d. Interest at the per diem rate of $203.59 from April 2, 2022 and thereafter;

e. Default interest at the per diem rate of $212.07 from April 2, 2022 and thereafter;

f. Late charges in the amount of $8,299.04;

g. Estimated prepayment consideration in the amount of $38,173.26;

h. Liquidation fee in the amount of $35,978.26;

i. Special servicing fees in the amount of $4,493.31;

j. Tax advances in the amount of $5,491.16;

k. Additional fees in the amount of $1,500.00;

l. Any and all fees and costs, whether incurred by Plaintiff to date or incurred hereafter, in connection with the collection of the amounts due and owing under the Loan Documents or in connection with the protection, preservation, and realization of the Property, including processing fees, late charges, prepayment consideration, expenses, administrative fees, attorneys' fees, and costs incurred in connection with the issuance of third-party reports in connection with the Property, less any funds applicable to the debt currently held by Plaintiff.

## *Right to Possession and Rents*

34. Under Sections 3(b)(iii) and 3(c)(i) of the Mortgage, upon an Event of Default, Plaintiff is entitled to immediate possession of the Property and may collect and make use the rents, profits, and income from the Property.

35. Further, the license granted to Borrower for use of the rents was terminated due to the occurrence of an Event of Default under the Loan Documents.

36. Plaintiff is entitled to an order directing that all rents, issues, proceeds, revenues, profits, and income from the Property be remitted to Plaintiff in accordance with the terms of the Mortgage, the Note, and other Loan Documents, and directing that any such amounts be used to reduce the indebtedness described above.

### *Right to Foreclose*

37. Upon an Event of Default, Plaintiff has the right to institute a proceeding for foreclosure. Plaintiff is therefore entitled to an order directing that the Mortgage be foreclosed finding that the liens arising under the Mortgage be declared as first and prior liens on the Property, and ordering that Plaintiff be granted immediate possession of the Property.

38. No other action has been brought to recover any part of the debt under the Mortgage, Note, or other Loan Documents.

39. Plaintiff may not be deemed to have waived, altered, released, or changed its election to foreclose by reason of any payment made after the date of the commencement of this action of any and all of the defaults described herein.

40. Plaintiff specifically reserves the right to pursue a temporary injunction, to seek appointment of a receiver, or to seek other relief with respect to its rights under the Loan Documents. Plaintiff reserves the right to move this Court to enter final judgment against Borrower or any other party liable for any residue of the debt under the Note remaining unsatisfied after the foreclosure sale of the Property is completed, including Guarantor.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff for foreclosure of the Property as follows:

A. Finding that Plaintiff has a first and best lien on the Property;

B. Ordering that Plaintiff has the legal right and is authorized to foreclose on the Property:

i. In one or more parcels according to law together with the fixtures and articles of personalty upon the premises;

ii. Subject to zoning restrictions and ordinances adopted by any municipality or other governmental authority, and violations thereof;

iii. Subject to any state of facts that an accurate survey would show;

iv. Subject to covenants and restrictions of record, if any; and

v. Subject to violations if any, noted by any federal, state, city, town, or village agency having authority over the Property;

C. Finding that such foreclosure will vest in the purchaser thereat free and clear title to the Property, free of any and all interests that are or might be asserted by the Defendants herein;

D. Ordering that Plaintiff has the right to credit bid at such foreclosure sale any and all amounts owed by Borrower under the Note;

E. Ordering and directing that the Sheriff of Kings County, New York, or any referee appointed in this action, foreclose the Property and deliver title via a Sheriff's Deed or Referee's Deed, and bill of sale, as appropriate, to the successful bidder at such foreclosure;

F. Ordering and directing that the proceeds of the sale be applied as follows:

i. to payment of the expenses of the sale;

ii. to the payment of the debt owed to Plaintiff under the Note and other Loan Documents;

iii. to the payment of foreclosure costs and other accrued costs in connection with the foreclosure;

  iv. to the payment, at Plaintiff's option, of any real property taxes that may be due and unpaid in connection with the Property;

  v. to the payment, at Plaintiff's option, of all other assessments against or attributable to the Property;

  vi. the surplus, if any, to the payment of the debts secured by junior liens on the Property and then, to Borrowers, in accordance with further order of the Court;

G. Ordering that Borrowers have no right of redemption or reinstatement with respect to the Property;

H. Finding that Plaintiff has preserved its rights to pursue any deficiency that may exist under the Note or other Loan Documents after application of the proceeds of the foreclosure sale and may move the Court to enter final judgment against Borrower or any guarantor for such deficiency; and

I. Ordering all other and further relief that the Court deems just, proper, and equitable.

Dated: March 14, 2022       Respectfully submitted,

               POLSINELLI PC

               By: */s/ Morgan C. Fiander*
                 Morgan C. Fiander
                 600 Third Avenue, 42nd Floor
                 New York, New York 10016
                 (212) 684-0199
                 mfiander@polsinelli.com

                 Aaron Jackson (*pro hac vice* to be submitted)
                 900 W. 48th Place, Suite 900
                 Kansas City, Missouri 64112
                 (816) 753-1000
                 ajackson@polsinelli.com

               *Attorneys for Plaintiff*