# Exhibit D

# FreddieMac
## MULTIFAMILY

**Guaranty - SBL (Revised 11-02-2015)**

| Freddie Mac Loan Number: | 499467590 |
|---|---|
| Property Name: | 1427 43rd Street |

| Guarantor: | ZALMEN WAGSCHAL |
|---|---|
| Borrower: | 1427 43 ST LLC, a New York limited liability company |
| Lender: | GREYSTONE SERVICING CORPORATION, INC., a Georgia corporation |
| Effective Date: | March 21, 2018 |

| Principal Amount: | $2,033,000.00 |
|---|---|
| Property Jurisdiction (Location of the Mortgaged Property): | Borough of Brooklyn, County of Kings, City and State of New York |

This Guaranty ("**Guaranty**") is entered into by Guarantor (collectively, if more than one) for the benefit of Lender and is effective as of the Effective Date.

Borrower has requested a loan in the Principal Amount ("**Loan**") from Lender under a Loan Agreement dated as of the Effective Date ("**Loan Agreement**"). The Loan will be evidenced by a Note from Borrower to Lender dated as of the Effective Date ("**Note**"). The Note will be secured by a Security Instrument dated as of the Effective Date encumbering the Mortgaged Property described in the Loan Agreement.

Guarantor has a direct or indirect ownership or other financial interest in Borrower and/or will otherwise derive a material benefit from the making of the Loan. Guarantor has reviewed the Loan Agreement, Note, and each of the other Loan Documents. As a condition to making the Loan to Borrower, Lender requires that Guarantor execute this Guaranty.

1.  **Schedules, Exhibits, and Riders**. The following marked schedules, exhibits, and riders are attached to and incorporated into this Guaranty:

| ☒ | Schedule I – State Specific Provisions by Property Jurisdiction |
|---|---|
| ☐ | Exhibit A – Guaranty Modifications |
| ☐ | Riders: [if checked, list] |

2.  **Defined Terms**. Capitalized terms used but not defined in this Guaranty have the meanings assigned to them in the Loan Agreement.

3.  **Scope of Guaranty.**

    (a)  Guarantor absolutely, unconditionally, and irrevocably guarantees to Lender each of the following:

    (i)  The full and prompt payment when due, whether at the Maturity Date or earlier, by reason of acceleration or otherwise, of all amounts for which Borrower is personally liable under Article III of the Loan Agreement.

    (ii)  The full and prompt payment and performance of, and/or compliance with, all of Borrower's obligations under Section 3.04(a) of the Loan Agreement when due.

    (iii)  The accuracy of Borrower's representations and warranties under Section 5.05 of the Loan Agreement.

{218/2240/01092955}
**Guaranty - SBL**

**Page 1**

(iv)    All costs and expenses, including reasonable Attorneys' Fees and Costs, incurred by Lender in enforcing its rights under this Guaranty.

(b)    If Guarantor is not liable for the entire Indebtedness, then all payments made by Borrower and all amounts received by Lender from the enforcement of its rights under the Loan Documents (except this Guaranty) will be applied first to the portion of the Indebtedness for which neither Borrower nor Guarantor has personal liability.

**4.    Financial Information and Litigation.** Within 25 days following a Notice from Lender including a request for such information, Guarantor will deliver the following to Lender:

(a)    Guarantor's balance sheet and profit and loss statement as of the date specified by Lender.

(b)    Other Guarantor financial statements as Lender may reasonably require.

(c)    Written updates on the status of all litigation proceedings that Guarantor disclosed or should have disclosed to Lender as of the Effective Date of this Guaranty.

(d)    If an Event of Default has occurred and is continuing, copies of Guarantor's state and federal tax returns, including current tax return extensions.

**5.    Guarantor's Obligations Survive Foreclosure.** The obligations of Guarantor under this Guaranty will survive any foreclosure proceeding, any foreclosure sale, any delivery of any deed in lieu of foreclosure, and any release of record of the Security Instrument. In addition, the obligations of Guarantor relating to Borrower's representations and warranties under Section 5.05 of the Loan Agreement, and Borrower's obligations under Sections 6.12 and 9.02(b) of the Loan Agreement will survive any repayment or discharge of the Indebtedness. Notwithstanding the foregoing, if Lender has never been a mortgagee-in-possession of or held title to the Mortgaged Property, Guarantor will have no obligation under this Guaranty relating to Borrower's representations and warranties under Section 5.05 of the Loan Agreement or Borrower's obligations relating to environmental matters under Sections 6.12 and 9.02(b) of the Loan Agreement after the date of the release of record of the lien of the Security Instrument as a result of the payment in full of the Indebtedness on the Maturity Date or by voluntary Prepayment in full.

**6.    Guaranty of Payment and Performance.** Guarantor's obligations under this Guaranty constitute an unconditional guaranty of payment and performance and not merely a guaranty of collection.

**7.    No Demand by Lender Necessary; Waivers by Guarantor.** The obligations of Guarantor under this Guaranty must be performed without demand by Lender and will be unconditional regardless of the genuineness, validity, regularity or enforceability of the Note, the Loan Agreement, the Security Instrument or any other Loan Document, and without regard to any other circumstance which might otherwise constitute a legal or equitable discharge of a surety, a guarantor, a borrower or a mortgagor. Guarantor waives, to the fullest extent permitted by applicable law, all of the following, and agrees that such waiver has the following consequences:

(a)    The benefit of all principles or provisions of law, statutory or otherwise, which are or might be in conflict with the terms of this Guaranty; Guarantor agrees that Guarantor's obligations will not be affected by any circumstances, whether or not referred to in this Guaranty, which might otherwise constitute a legal or equitable discharge of a surety, a guarantor, a borrower or a mortgagor.

(b)    The benefits of any right of discharge under any and all statutes or other laws relating to a guarantor, a surety, a borrower or a mortgagor, and any other rights of a surety, a guarantor, a borrower or a mortgagor under such statutes or laws.

(c)    Diligence in collecting the Indebtedness, presentment, demand for payment, protest, all notices with respect to the Note and this Guaranty which may be required by statute, rule of law or

otherwise to preserve Lender's rights against Guarantor under this Guaranty, including notice of acceptance, notice of any amendment of the Loan Documents, notice of the occurrence of any default or Event of Default, notice of intent to accelerate, notice of acceleration, notice of dishonor, notice of foreclosure, notice of protest, and notice of the incurring by Borrower of any obligation or indebtedness.

(d) All rights to cause a marshalling of the Borrower's assets or to require Lender to do any of the following:

    (i) Proceed against Borrower or any other guarantor of Borrower's payment or performance with respect to the Indebtedness ("**Other Guarantor**").

    (ii) Proceed against any general partner of Borrower or any Other Guarantor if Borrower or any Other Guarantor is a partnership.

    (iii) Proceed against or exhaust any collateral held by Lender to secure the repayment of the Indebtedness.

    (iv) Pursue any other remedy it may now or later have against Borrower, or, if Borrower is a partnership, any general partner of Borrower.

(e) Any right to object to the timing, manner or conduct of Lender's enforcement of its rights under any of the Loan Documents.

(f) Any right to revoke this Guaranty as to any future advances made by Lender under the terms of the Loan Documents to protect Lender's interest in the Mortgaged Property.

(g) Any right to demand or require collateral security from Borrower, any Other Guarantor or any other Person as provided by applicable law or otherwise.

8. **Modification of Loan Documents.** At any time or from time to time and any number of times, without notice to Guarantor and without affecting the liability of Guarantor, all of the following will apply:

(a) Lender may extend the time for payment of the Principal of or interest on the Indebtedness or renew the Indebtedness in whole or in part.

(b) Lender may extend the time for Borrower's performance of or compliance with any covenant or agreement contained in the Loan Documents, whether presently existing or entered into after the Effective Date of this Guaranty, or waive such performance or compliance.

(c) Lender may accelerate the Maturity Date.

(d) Lender and Borrower may modify or amend any of the Loan Documents in any respect, including an increase in the Principal.

(e) Lender may modify, exchange, surrender or otherwise deal with any security for the Indebtedness or accept additional security that is pledged or mortgaged for the Indebtedness.

9. **Joint and Several Liability.** The obligations of Guarantor (and each party named as a Guarantor in this Guaranty) and any Other Guarantor will be joint and several. Lender, in its sole and absolute discretion, may take any of the following actions:

(a) Bring suit against Guarantor, or any one or more of the parties named as a Guarantor in this Guaranty, and any Other Guarantor, jointly and severally, or against any one or more of them.

(b)     Compromise or settle with Guarantor, any one or more of the parties named as a Guarantor in this Guaranty, or any Other Guarantor, for such consideration as Lender may deem proper.

(c)     Release one or more of the parties named as a Guarantor in this Guaranty, or any Other Guarantor, from liability.

(d)     Otherwise deal with Guarantor and any Other Guarantor, or any one or more of them, in any manner.

No action of Lender described in this Section 9 will affect or impair the rights of Lender to collect from any one or more of the parties named as a Guarantor under this Guaranty any amount guaranteed by Guarantor under this Guaranty.

**10.     Subordination of Borrower's Indebtedness to Guarantor.** Any indebtedness of Borrower held by Guarantor now or in the future is and will be subordinated to the Indebtedness and Guarantor will collect, enforce and receive any such indebtedness of Borrower as trustee for Lender, but without reducing or affecting in any manner the liability of Guarantor under the other provisions of this Guaranty.

**11.     Waiver of Subrogation.** Guarantor will have no right of, and waives any claim for, subrogation or reimbursement against Borrower or any general partner of Borrower by reason of any payment by Guarantor under this Guaranty, whether such right or claim arises at law or in equity or under any contract or statute, until the Indebtedness has been paid in full and there has expired the maximum possible period thereafter during which any payment made by Borrower to Lender with respect to the Indebtedness could be deemed a preference under the Bankruptcy Code.

**12.     Preference.** If any payment by Borrower is held to constitute a preference under any bankruptcy, insolvency, or similar laws, or if for any other reason Lender is required to refund any sums to Borrower, such refund will not constitute a release of any liability of Guarantor under this Guaranty. It is the intention of Lender and Guarantor that Guarantor's obligations under this Guaranty will not be discharged except by Guarantor's performance of such obligations and then only to the extent of such performance.

**13.     Assignment.** Lender may assign its rights under this Guaranty in whole or in part and upon any such assignment, all of the terms and provisions of this Guaranty will inure to the benefit of such assignee to the extent so assigned. The terms used to designate any of the parties in this Guaranty will be deemed to include the heirs, legal representatives, successors and assigns of such parties, and the term "Lender" will also include any lawful owner, holder or pledgee of the Note.

**14.     Complete and Final Agreement.** This Guaranty and the other Loan Documents represent the final agreement between the parties and may not be contradicted by evidence of prior, contemporaneous or subsequent oral agreements. There are no unwritten oral agreements between the parties. All prior or contemporaneous agreements, understandings, representations, and statements, oral or written, are merged into this Guaranty and the other Loan Documents. Guarantor acknowledges that Guarantor has received a copy of the Note and all other Loan Documents. Neither this Guaranty nor any of its provisions may be waived, modified, amended, discharged or terminated except by a writing signed by the party against which the enforcement of the waiver, modification, amendment, discharge or termination is sought, and then only to the extent set forth in that writing.

**15.     Governing Law.** This Guaranty will be governed by and enforced in accordance with the laws of the Property Jurisdiction, without giving effect to the choice of law principles of the Property Jurisdiction that would require the application of the laws of a jurisdiction other than the Property Jurisdiction.

**16.     Jurisdiction; Venue.** Guarantor agrees that any controversy arising under or in relation to this Guaranty may be litigated in the Property Jurisdiction, and that the state and federal courts and authorities with jurisdiction in the Property Jurisdiction will have jurisdiction over all controversies which will arise under or in relation to this Guaranty. Guarantor irrevocably consents to service, jurisdiction and venue of such courts for any such litigation and waives any other venue to which it might be entitled by virtue of

domicile, habitual residence or otherwise. However, nothing in this Guaranty is intended to limit Lender's right to bring any suit, action or proceeding relating to matters arising under this Guaranty against Guarantor or any of Guarantor's assets in any court of any other jurisdiction.

17.   **Guarantor's Interest in Borrower.** Guarantor represents to Lender that Guarantor has a direct or indirect ownership or other financial interest in Borrower and/or will otherwise derive a material financial benefit from the making of the Loan.

18.   **State-Specific Provisions.**  State-specific provisions, if any, for the Property Jurisdiction identified on Page 1 of this Guaranty are included on Schedule 1 to this Guaranty.

19.   **Community Property.** If Guarantor (or any Guarantor, if more than one) is a married person, and the state of residence of Guarantor or Guarantor's spouse is a community property jurisdiction, Guarantor (or each such married Guarantor, if more than one) agrees that Lender may satisfy Guarantor's obligations under this Guaranty to the extent of all Guarantor's separate property and Guarantor's interest in any community property.

20.   **WAIVER OF TRIAL BY JURY.**

   (a)   **GUARANTOR AND LENDER EACH COVENANTS AND AGREES NOT TO ELECT A TRIAL BY JURY WITH RESPECT TO ANY ISSUE ARISING OUT OF THIS GUARANTY OR THE RELATIONSHIP BETWEEN THE PARTIES AS GUARANTOR AND LENDER THAT IS TRIABLE OF RIGHT BY A JURY.**

   (b)   **GUARANTOR AND LENDER EACH WAIVES ANY RIGHT TO TRIAL BY JURY WITH RESPECT TO SUCH ISSUE TO THE EXTENT THAT ANY SUCH RIGHT EXISTS NOW OR IN THE FUTURE. EACH PARTY SEPARATELY GIVES THIS WAIVER OF RIGHT TO TRIAL BY JURY KNOWINGLY AND VOLUNTARILY WITH THE BENEFIT OF COMPETENT LEGAL COUNSEL.**

21.   **Construction; Interpretation.**

   (a)   The captions and headings of the Sections of this Guaranty are for convenience only and will be disregarded in construing this Guaranty.

   (b)   Any reference in this Guaranty to a statute or regulation will be construed as referring to that statute or regulation as amended from time to time.

   (c)   Use of the singular in this Guaranty includes the plural and use of the plural includes the singular. The use of one gender includes the other gender, as the context may require.

   (d)   As used in this Guaranty, the term "including" means "including, but not limited to" and the term "includes" means "includes without limitation."

   (e)   Unless the context requires otherwise, (i) any definition of or reference to any agreement, instrument or other document in this Guaranty will be construed as referring to such agreement, instrument or other document as from time to time amended, supplemented or otherwise modified (subject to any restrictions on such amendments, supplements or modifications set forth in this Guaranty), and (ii) any reference in this Guaranty to any Person will be construed to include such Person's successors and assigns.

   (f)   Any reference in this Guaranty to "Lender's requirements," "as required by Lender," or similar references will be construed, after Securitization, to mean Lender's requirements or standards as determined in accordance with Lender's and Loan Servicer's obligations under the terms of the Securitization documents.

22.     **Sealed Instrument.** Where applicable law provides, Guarantor intends that this Guaranty will be deemed to be signed and delivered as a sealed instrument.


**[BALANCE OF PAGE INTENTIONALLY LEFT BLANK**
**SIGNATURE PAGE TO FOLLOW]**

GUARANTOR:

_____

/ZALMEN WAGSCHAL

STATE OF NEW YORK          )
                          )ss.:
COUNTY OF kings            )

      On the ___19___ day of **March**, in the year **2018**, before me, the undersigned personally appeared **ZALMEN WAGSCHAL**, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____

**NOTARY PUBLIC**

DAVID JANKLOWICZ
Notary Public, State of NY
No. 01JA6116590
Qualified in Kings County
Comm. Expires October 4, 2020

## SCHEDULE 1

**State-Specific Provisions by Property Jurisdiction**

| Property Jurisdiction | State-Specific Provision(s) |
|---|---|
| New York | None |